THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for Jeff Haworth

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWORTH, | Case No. 1:06-CV-342-AWI-SMS |
|     Plaintiff, | STIPULATION OF DISMISSAL; ORDER |
| v. | |
| INTER-LINK INVESTMENTS, INC., | |
|     Defendant. | |
| _____/ | |

The parties hereto stipulate as follows:

The parties have reached a full and final settlement of all issues in this action. A Settlement Agreement between the parties has been fully executed.

Some parts of the Settlement Agreement are to be performed in the future. The parties shall comply with their Settlement Agreement, a copy of which is incorporated by reference as if fully set forth. The parties request the Court to retain jurisdiction for one year from the date hereof in order to enforce the terms of the Settlement Agreement under the authority of *Kokkonen v. Guardian Life Insurance Co. Of America,* 511 U.S. 375, 381-82 (1994).

Although the parties are hereby dismissing this action with prejudice, they agree that the Court will retain jurisdiction over this action and the parties hereto in order to be able to enforce the terms of the Settlement Agreement.

IT IS HEREBY STIPULATED by and between the parties to this action through their designated counsel that this action be and hereby is dismissed with prejudice pursuant to FRCP 41(a)(2), and the Court retains jurisdiction to enforce the terms of the Settlement Agreement for one year after the date hereof.

Date:  July 25, 2006                                            Date:  August 3, 2006


S/Jennifer D. Barrera,                                          S/Thomas N. Stewart, III,
Attorney for Defendants                                         Attorney for Plaintiff


**ORDER**

The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan

Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Because Plaintiff has filed a stipulation for dismissal with prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk of the Court is DIRECTED to close this case in light of the parties' filed and signed Rule 41(a)(1)(ii) Stipulation For Dismissal With Prejudice. Pursuant to the stipulation, the court retains jurisdiction to enforce the settlement.

IT IS SO ORDERED.

**Dated:  August 15, 2006**          /s/ Anthony W. Ishii
0m8i78                               UNITED STATES DISTRICT JUDGE